<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JACK H. BOYAJIAN,                                Civil Action No. 04-4835 (KSH)

          Plaintiff,

    v.                                          **<u>OPINION</u>**

UNITED STATES OF AMERICA.

          Defendant.


**<u>KATHARINE S. HAYDEN, U.S.D.J.</u>**


      The Court presided over a four-day bench trial during which the parties presented their

proofs in this taxpayer refund suit.  At issue is the penalty assessment sought by the Department

of Justice for nonpayment of withholding taxes.  It is not disputed that withholding taxes were

owed by a now-defunct New Jersey corporation and were never paid.  What is disputed is

whether the United States can assess penalties measured by the amount of the taxes owed by the

corporation, against two individuals who were former employees of the corporation.  Under 26

U.S.C. § 6672, an individual can be liable for a penalty equal to a corporation's unpaid

withholding taxes if the individual is a responsible party and willfully fails to pay over the

withholding taxes to the United States.

      The Internal Revenue Service ("IRS") assessed Jack Boyajian and Linda Boyajian[1] under

Section 6672 for the unpaid withholding taxes of Far Hills Community Management Inc.  ("Far

---

      [1]  Some of the evidence refers to Linda Boyajian by her maiden name, Linda Guidon.

Hills"), which was in the business of managing community associations.  (8/14/06 Boyajian Tr. 25:18-21.)  Against Jack Boyajian, the IRS assessed a penalty for the unpaid withholding taxes for all of the quarters beginning with the second quarter of 1989 through the second quarter of 1992.  The penalty assessment totaled $278,027.68.  The IRS assessed a lower penalty against Linda Boyajian in the amount of $214,664.68 for the unpaid withholding taxes of Far Hills for all of the quarters from the second quarter of 1989 through the fourth quarter of 1991.

## I. PROCEDURAL HISTORY

Jack Boyajian was the president and owner of Far Hills during the time period of his assessment and Linda Boyajian was an employee of Far Hills during the time period of her assessment.  Both had previously worked for another company called C & R Realty Management ("C & R").  After Jack Boyajian bought Far Hills in 1989, Linda Boyajian left C & R to work with him at Far Hills, and the couple married in October of 1992.

After the IRS assessed a penalty against the Boyajians, Jack Boyajian contested the validity of the assessment, filing a taxpayer refund suit in the district court. To qualify as a litigant, Jack Boyajian paid a portion of the unpaid taxes ($2,000 of the assessed $278,027.68), and then filed a claim for a refund with the IRS.[2]  When the IRS refused to grant his claim for a refund, Jack Boyajian brought this action against the United States seeking a refund for a portion of the withholding taxes that he had paid.  The United States responded by bringing a counterclaim to collect the penalty assessed against him plus the interest that has accrued on the

---

[2]Typically in a tax refund suit the taxpayer must pay the entire amount of the taxes before s/he can challenge its validity in United States district court.  28 U.S.C. § 1346(a)(1), Flora v. United States, 362 U.S. 145 (1960).  But if the tax assessment is based on unpaid employee withholding taxes, the taxpayer can pay the withheld taxes of any individual employee and claim a refund.  Psaty v. United States, 442 F.2d 1154, 1159 (3d Cir. 1971).

penalty, along with a third-party complaint against Linda Boyajian.  The third-party complaint against Linda Boyajian has two claims.  The first claim seeks enforcement of the penalty assessment made against Linda Boyajian and the second claim seeks contribution to the extent that the United States is found liable to Jack Boyajian in his tax refund suit.  Reflecting the round-about, but technically proper evolution of this tax refund suit, Jack Boyajian is the plaintiff before the Court, the United States is the defendant, and Linda Boyajian is a third-party defendant.

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1340, 1345, 1346 (a)(1), and 26 U.S.C. § 1396.

## II. BURDEN OF PROOF

When the IRS makes an assessment against an individual pursuant to Section 6672 there is a rebuttable presumption that the assessment is correct.  Brounstein v. United States, 979 F.2d 952, 954 (3d Cir. 1992).  A taxpayer who seeks to challenge an assessment has the burden of proving that the assessment is incorrect.  Sullivan v. United States, 618 F.2d 1001, 1009 (3d Cir. 1980).  This "presumption of correctness" attaches to an IRS assessment unless the assessment is completely unsupported, in which case it is called a "naked assessment," and does not receive the presumption of correctness.  United States v. Janis, 428 U.S. 433, 441 (1976).

In this lawsuit Jack Boyajian claims that the United States has the burden of proof because the IRS lost the administrative file on his assessment**.**  Although courts have recognized that the loss of the administrative file may mean that the assessment lacks a factual foundation, loss of the file does not necessarily create a "naked assessment."  Cook v. United States, 46 Fed

Cl. 110, 114 (Ct. Fed Cl. 2000).  When the government produces evidence to support the assessment in lieu of the lost file, demonstrating that the assessment has a "foundation in fact," then the presumption of correctness applies.  Id. at 115.

Here, because of the lost administrative file, the United States was not automatically entitled to the presumption of correctness on the assessment, and bore the burden of going forward with evidence to support the assessment made by the IRS.  To meet its burden of production, the United States introduced into evidence certified copies of transcripts from the IRS  (Gov. Ex. 124-130), which list all of the assessments, penalties, interest, credits, abatements, and refunds against Far Hills and the Boyajians from June 30, 1992 through January 25, 2005.  Id.  The United States asserts that the Secretary of the Treasury made penalty assessments against the Boyajians in February 1993.  (United States's Counterclaim ¶ 21, United States's Third Party Complaint ¶ 31.)  The certified transcripts show that penalty assessments were made against Jack Boyajian and Linda Boyajian in February of 1993.  (Gov. Ex. 124, 125.) In addition, the amount of the penalties claimed by the United States match the amount of the penalties listed in the transcript.  (Compare United States' Counterclaim ¶ 21, United States' Third Party Complaint ¶ 31, with Gov. Ex. 124, 125.)  Courts have explained that "the government may support a tax assessment based on any admissible evidence," including "secondhand records."  Cook, 46 Fed Cl. at 114; Coleman v. United States, 704 F.2d 326, 329 (6th Cir. 1983).  The certified transcripts, which might be considered a "secondhand record," were admitted into evidence and adequately demonstrate that the IRS assessments have a "foundation in fact."  Therefore, the Court finds that the IRS assessments will receive the presumption of correctness in this case.

But the government's burden of going forward with evidence to support the assessment did not shift the ultimate burden of persuasion. The Court holds that on this disputed issue, the government met its burden of production and the burden of persuasion remains with Jack Boyajian that the assessment was erroneous by the proof standard of a preponderance of the evidence. Sullivan v. United States, 618 F.2d 1001, 1008 (3d Cir. 1980)(explaining that even when the presumption of correctness shifts, "the ultimate burden of proof or persuasion remains at all times with the taxpayer.")

Examining what this burden of proof on Jack Boyajian means and why it is laid upon him, the Court notes that in a tax refund suit the *taxpayer* bears the burden of proving that the assessment is erroneous because the United States has money in its possession paid by the taxpayer that the taxpayer wants back. Helvering v. Taylor, 293 U.S. 507, 515 (1935); Psaty v. United States, 442 F.2d 1154, 1158 (3d Cir. 1971). "Since the nature of the suit is an action for money had and received, the taxpayer has the burden of showing that the United States has money belonging to him." Psaty, 442 F.2d at 1159. Psaty v. United States is instructive because it has a similar procedural posture. In Psaty, a corporate officer was assessed with a penalty pursuant to Section 6672 for the unpaid withholding taxes of his company. Id. at 1156. He paid a portion of the unpaid taxes and sued for a refund. Id. The United States counterclaimed against him for the remainder of the unpaid withholding taxes. Id. Judgment was entered in favor of the United States on its counterclaim. On appeal the plaintiff argued that the burden of persuasion on the counterclaim should have been placed on the United States. Id. at 1159. The Third Circuit held that once the government shows that an assessment is entitled to the presumption of correctness, the burden of persuasion on the counterclaim is on the taxpayer. See

id. at 1160.  However counterintuitive it might appear at first blush, and even though the government is asserting an affirmative claim, Psaty is persuasive on the point that the taxpayer bears the burden of proving that the assessment is erroneous.  Id.

This Court has already found that the United States is entitled to the presumption of correctness in this case.  See supra p. 3-4.  Based on the Third Circuit's holding in Psaty, the Court goes on to conclude that Jack Boyajian bears the burden of persuasion on the United States's counterclaim.


## III. STANDARD FOR LIABILITY UNDER 26 U.S.C. § 6672

Employers are required to withhold a portion of their employee's wages for federal social security and income taxes.  26 U.S.C. §§ 3102(a), 3402(a)(1).  These sums, which are sometimes referred to as "withholding taxes," are held in trust for the United States and must be paid over to the United States.  See 26 U.S.C. § 7501(a).  The Internal Revenue Code provides penalties for taxpayers who fail to withhold or pay over withholding taxes.  26 U.S.C. §§ 6672, 7202.  Under Section 6672(a), if a person who is responsible for withholding and paying over taxes willfully fails to do so, s/he is liable for a penalty equal to the total amount of the unpaid taxes.  In other words, the taxpayer becomes individually liable for the unpaid withholding taxes of the company.

Two elements must be satisfied in order for a person to be subject to a penalty under Section 6672:  (1) the individual must be a "responsible person" as defined in the tax code; and (2) the failure to pay over the taxes must have been "willful."  Greenberg v. United States, 46 F.3d 239, 242 (3d Cir. 1994).

## A.  Responsible Person Under Section 6672

For the purposes of Section 6672, an individual is a "responsible person" if s/he has a duty to collect, truthfully account for and pay over any tax due to the United States.  <u>Greenberg</u>, 46 F.3d at 243.  Courts have explained that "responsibility is a matter of status, duty, or authority, not knowledge."  <u>Id.</u>  A responsible person – and there may be more than one such individual in a corporation – must have significant control over the entity's finances.  <u>United States v. Vespe</u>, 868 F.2d 1328, 1332 (3d Cir. 1989).  "A person has significant control if he has the final or significant word over which bills or creditors get paid."  <u>Id.</u>  The individual does not have to be a corporate officer to be considered a responsible party.  <u>Quattrone Accountants, Inc. v. IRS</u>, 895 F.2d 921, 927 (3d Cir. 1990).

The Third Circuit has identified the following benchmarks for determining whether an individual is a responsible person:

> (1) contents of the corporations by-laws, (2) ability to sign checks on the company's bank account, (3) signature on the employer's federal quarterly and other tax returns, (4) payment of other creditors in lieu of the United States, (5) identity of officers directors and principal stockholders in the firm, (6) identity of individuals in charge of hiring and discharging employees, (7) identity of individuals in charge of the firm's financial affairs.

<u>Greenberg</u>, 46 F.3d at 243.

## B. Willfulness Under Section 6672

Under Section 6672, a responsible person is subject to a penalty assessment only if s/he "willfully" fails to collect, account for or pay over withholding taxes.  The willfulness requirement has been interpreted "broadly" to include a range of actions,  <u>United States v.</u>

Cardigan, 31 F.3d 130, 134 (3d Cir. 1994), and may be satisfied by either an intentional act or reckless conduct by the taxpayer.

### 1.  Intentional Acts

A responsible person acts intentionally if s/he makes "a voluntary, conscious and intentional decision to prefer other creditors over the Government." Quattrone Accountants, Inc., 895 F.2d at 928. Any payment to other creditors when the responsible party has knowledge that the withholding taxes are due, *including paying employee wages*, satisfies the willfulness requirement. Greenberg, 46 F.3d at 244.

### 2.  Reckless Conduct

A responsible person acts recklessly if s/he "pays other creditors with reckless disregard to whether taxes have been paid." Quattrone Accountants Inc., 895 F.2d at 928. The reckless disregard standard is satisfied if the responsible person "(1) clearly ought to have known that (2) there was a grave risk that withholding taxes were not being paid and (3) he was in a position to find out for certain very easily." United States v. Vespe, 868 F.2d 1328, 1335 (3d Cir. 1989).

## IV.  The Trial Evidence

During the trial to the bench, four witnesses testified.  On the first day, the United States presented the testimony of Barbara Lynch, a former secretary at Far Hills, and Andrea Saper, who held a job in management.  (8/7/06 Boyajian Tr. 8-10 and 39-50.)  According to her testimony, Andrea Saper was Far Hills's "Regional Vice President of the South Jersey area."  (8/7/06

-8-

Boyajian Tr. 39:7.)  On the last day of trial, the third party defendant, Linda Boyajian, testified.

The majority of the testimony at trial came from Jack Boyajian, who testified on all four days.

(8/7/06 Boyajian Tr. 10-38, 8/8/06 Boyajian Tr. 5-44, 8/14/06 Boyajian Tr. 23-55.)  There was

documentary evidence as well.  The United States introduced copies of the documents sent to Far

Hills each quarter by Paychex, a payroll outsourcing company that Jack Boyajian hired to assist

Far Hills with its payroll and taxes ("Paychex documents").  (Government Exhibits 113-122.)

The United States also submitted certified transcripts of the taxes assessed against Jack Boyajian

(Gov. Ex. 124), Linda Boyajian (Gov. Ex. 125), and Far Hills (Gov. Ex. 126, 128, 129), and

other records of the penalties assessed against Linda Boyajian (Gov. Ex. 132A) and Jack

Boyajian (Gov. Ex. 132B).  Finally, the United States introduced into evidence a certified copy of

the complaints from two civil actions that were brought against Far Hills  (Gov. Ex. 135, 136).


## V.  Jack Boyajian's Liability Under Section 6672

　　　In early submissions**,** Jack Boyajian admitted that he was a responsible party under

Section 6672 of the Internal Revenue Code.  (Plaintiff's Answer to the Defendant's Counterclaim

¶ 19, Plaintiff's Answers to Defendant's First Set of Interrogatories ¶ 3.)  The issue in dispute

during the bench trial was whether he "willfully" failed to pay over the withholding taxes.  As

stated above, Jack Boyajian has the burden of persuasion in his refund claim.  See supra p.4-5.  In

addition, since the United States has proved that it is entitled to the presumption of correctness,

Jack Boyajian also bears the burden of proof on the counterclaim brought by the United States.

See supra p.4-5, Psaty, 442 F.2d at1160.  Jack Boyajian thus bears the burden of proving with

credible evidence that he did not act willfully on both claims.

Jack Boyajian's case rested on his position that his failure to pay was based on excusable neglect.  Under Section 6672, negligence does not satisfy the standard for willfulness and Jack Boyajian can prevail if he proves that his failure to pay the taxes was negligent as opposed to intentional or reckless.

Jack Boyajian testified that he earned a degree in finance from the Wharton School at the University of Pennsylvania.  (8/7/06 Boyajian Tr. 12:8-9.)  After he graduated, he worked for a company called C&R Realty Management Company ("C & R"), and eventually became its Chief Financial Officer.  (8/7/06 Boyajian Tr. 12:12-15.)  During his tenure there, the company used the services of a company called "Paychex" to prepare and pay its withholding taxes.  (8/14/06 Boyajian Tr. 24:6-21.)

Jack Boyajian left C & R in 1988, and the following year he bought the assets of a company called Far Hills Community Management, Inc.  (8/14/06 Boyajian Tr. 22-25.)  After a brief period of transition, Jack Boyajian became the sole owner and president of Far Hills.  (8/7/06 Boyajian Tr. 11-12.)  He hired Paychex to provide payroll services for his company, expecting that Paychex would provide the same services to Far Hills that it had provided to C & R.  (8/14/06 Boyajian Tr. 26-27.)  Accordingly, he testified that Paychex agreed to prepare and pay the withholding taxes for Far Hills.

> Well, Paychex was debiting out accounts constantly, our bank accounts so the assumption was that Paychex was taking out money from our bank and remitting it to the various government entities, which was the exact experience that I had at C&R Realty and which what [sic] I signed up for at Paychex starting in the third quarter of 1989.

8/7/06 Boyajian Tr. 23-22

The United States introduced nine packets of documents from Paychex ("Paychex documents"), covering the period from the third quarter of 1989 until the fourth quarter of 1992. (Gov. Ex. 113-122.)  The Court has examined, the wording of the information in the Paychex documents, and although it varies somewhat from quarter to quarter, the messages conveyed in the documents remained the same.  The third paragraph on the first page of the Paychex documents tells the recipient to "verify all information on returns before submitting to the proper agencies."  (Gov. Ex. 144-122)(underlining in the original).  The second page of the Paychex documents is a sample completed Employers Quarterly Federal Tax Return (Form 941).  There are instructions printed on the left side of each sample return.  The second paragraph of instructions in some of the Paychex documents instructs the taxpayer to "Check the listing of tax liabilities to make sure **you have paid** all the deposits accordingly." (Gov. Ex. 113, 117-120) (emphasis added).  The other packages have instructions that state, "Please check your records and verify that all the deposits **you paid** for the quarter equal the total amount shown as deposited on line 17 [of the file copy return]."  (Gov. Ex. 114-116, 121, 122) (emphasis added).  Thus the Paychex documents expressly indicate that the taxpayer should verify that the tax deposits, which the taxpayer was supposed to have already made, were accurately reflected in the returns prepared by Paychex.  Taken as a whole these packages reflect that Paychex was not filing the returns or paying the company's withholding taxes.

Notwithstanding, Jack Boyajian testified that he reviewed at least one document in the Paychex documents each quarter.  (8/14/06 Boyajian Tr. 31-32.)  He testified that he reviewed the file copy of the corporation's tax return prepared by Paychex each quarter.  (8/14/06 Boyajian

-11-

Tr. 32.)  Jack Boyajian testified that when he looked at this document he noted the box that listed the "balance due."  (8/14/06 Boyajian Tr. 31:15-16.)  He also testified, accurately, that every return from the third quarter of 1989 through the second quarter of 1992 showed a balance due of zero.  (8/14/06 Boyajian Tr. 32:1-4.)  Jack Boyajian testified that based on the zero balance on the returns he assumed that Paychex had already paid the taxes.  (8/14/06 Boyajian Tr. 32:5-9.)

Jack Boyajian testified that he first discovered that the taxes were not being paid in January or February of 1992.  (8/14/06 Boyajian Tr. 35:20-22.)  His discovery occurred in the course of a controversy with a client over a mis-deposited check, which led him to undertake a complete review of the Far Hills's corporate records.  (8/07/06 Boyajian Tr. 26:14-25.)  Only then did he realize that Far Hills's withholding taxes were not being paid.  (8/07/06 Boyajian Tr. 27:3-7.)

The United States sought to prove at trial that Jack Boyajian knew much earlier that the withholding taxes were unpaid.  Its documentary evidence showed that the IRS sent Far Hills notices that the withholding taxes were not being paid.  (Gov. Ex. 126, 128, 129.)  The first notice was sent on November 13, 1989.  (Gov. Ex. 128.)  The IRS sent delinquency notices, balance due notices, and notices of intent to levy for the quarters in which withholding taxes were not paid.  (Gov. Ex 126, 128, 129.)  In addition, two federal tax liens were filed against Far Hills well before Jack Boyajian claims he discovered the unpaid taxes.  (Gov. Ex. 126, 128.)  The first federal tax lien was filed on August 25, 1990.  (Gov. Ex. 128.)  The United States questioned Jack Boyajian about whether he had received notices from the IRS concerning the unpaid withholding taxes.  (8/7/06 Boyajian Tr. 37:4-13.)  The United States also questioned Jack Boyajian about whether he was aware that federal tax liens had been levied against Far

-12-

Hills.  (8/7/06 Boyajian Tr. 37:14-23.)  Jack Boyajian testified that he did not receive the notices

and/or become aware of the tax liens until after he discovered the taxes were not being paid.

(8/7/06 Boyajian Tr. 37:4-23.)

   Jack Boyajian took over as sole owner Far Hills in 1989.[3]  (8/14/06 Boyajian Tr. 25.)  In

the second quarter of 1989, Far Hills failed to pay its withholding taxes.  (Gov. Ex. 126,128.)

Thereafter, Far Hills consistently failed to pay its quarterly withholding taxes for all of the

subsequent quarters until the company ceased doing business in 1992.  (Gov. Ex. 129,130.)  Jack

Boyajian has offered no explanation for Far Hills's failure to pay the withholding taxes for the

second quarter of 1989.  Jack Boyajian testified that he believed Paychex was supposed to begin

paying Far Hills's withholding taxes as of the *third* quarter of 1989.  (8/7/06 Boyajian Tr. 19:20-

24.)  The evidence shows that once Jack Boyajian took over the company, it failed to pay its

withholding taxes.

   In addition to justifying nonpayment on his reliance on Paychex and his lack of

knowledge about the actual status of payment of withholding taxes, Jack Boyajian also testified

that his business was in a state of flux and he was not able to attend to all matters with his full

attention.  (8/14/06 Boyajian Tr.26:5-16.)  The United States introduced his deposition testimony

that at first, his company was expanding at a rapid rate.  (8/14/06 Boyajian Tr. 51:23-25.)  Then

after a controversy with a client over a mis-deposited check the company began to deteriorate

---

   [3] The prior owner of Far Hills had also utilized Paychex's services.  According to Jack
Boyajian's testimony Paychex prepared the returns for Far Hills in the first two quarters of 1989
through its relationship with the prior owner.  Far Hills's second quarter return for 1989 was filed
by Far Hills with Jack Boyajian's signature on July 31, 1989.  (8/7/06 Boyajian Tr. 18-19., Gov
Ex. 113.)  However, the withholding taxes for this quarter were never paid.  (Gov. Ex. 128.)

rapidly.  (8/7/06 Boyajian Tr. 32:11-18.)  Jack Boyajian's testified in his deposition that the rapid

expansion of his company prevented him from looking into Far Hills's finances any sooner.

(8/14/06 Boyajian Tr. 51:23-25.)  In fact, Jack Boyajian testified that Far Hills's corporate

accounting records were not reconciled until late 1991 or early 1992.  (8/08/06 Boyajian Tr. 10-

14.)

        The Court must determine from the foregoing whether Jack Boyajian's failure to pay Far

Hills's withholding taxes was negligent, as he claims,  or reckless, as the United States claims.

Under Section 6672, a negligent failure to pay the withholding taxes is excusable whereas a

willful failure – arising from either intentional conduct or reckless disregard – subjects the

taxpayer to a penalty.   The thrust of the evidence presented indicates strongly that the issue here

is whether Jack Boyajian was negligent in his nonpayment, or if his conduct demonstrated

reckless disregard.

        The reckless disregard standard is a three-part test.  First, there must have been a grave

risk that the withholding taxes were not being paid.  Second, the taxpayer clearly ought to have

known about the risk.  Third, the taxpayer must have been in a position to find out for certain

very easily.  Vespe, 868 F.2d at 1335.

         Reviewing the evidence, Jack Boyajian testified that it was his experience at C & R that

Paychex handled both the preparation and the payment of the withholding taxes.  (8/14/06

Boyajian Tr. 24:12-19.)  Therefore, after he hired Paychex, he believed Paychex would prepare

and pay Far Hills's taxes as well.  Then he testified that a specific portion of the documents

Paychex sent each quarter led him to assume that no taxes were due.  (8/7/06 Boyajian Tr. 23:2-

13.)  Also, he noticed that Paychex was debiting his account regularly, which led him to believe that Paychex was debiting the quarterly taxes.  (8/7/06 Boyajian Tr. 23:22-25.)  Jack Boyajian also testified in his deposition that the rapid expansion of his company prevented him from looking into the finances of Far Hills sooner.  (8/14/06 Boyajian Tr. 51:23-25.)

The evidence adduced by the United States shows that there was a grave risk that the taxes were not being paid.  Documents from Paychex explicitly set forth that the taxpayer was responsible filing the tax return and ensuring that the tax liabilities had been paid.  (Gov. Ex. 113-122.)  The United States introduced evidence that Jack Boyajian was sent at least 14 notices from the IRS informing him that Far Hills had not paid its withholding taxes.  (Gov. Ex. 126, 128, 129.)  In its trial brief and in summation, the United Stated urged the Court to draw the inference from evidence of how much was due for quarterly withholdings that Jack Boyajian should have noticed that each quarter there was an extra $20,000 to $50,000 in cash in the company's account.  (Gov. Ex. 113-122.)  The United States elicited during cross-examination, that Jack Boyajian could not explain how he knew enough about the company's finances to truthfully file the Far Hills's corporate tax return but did not know that the company had unpaid tax liabilities.  (8/08/06 Boyajian Tr. 15-16.)

And there is more.  As the owner and president of Far Hills, Jack Boyajian had a duty to make sure the taxes were being paid, and he freely testified that he made all of the financial decisions for Far Hills.  (8/14/06 Boyajian Tr. 29:15-19.)  He also testified that no one else at Far Hills had the authority to make financial decisions for Far Hills.  (8/14/06 Boyajian Tr. 29-30.)  The documents sent regularly to his company that characterize Paychex' responsibilities establish that Paychex was *not* paying the taxes, and so if Far Hills was not paying the taxes, the taxes

-15-

were not being paid.

The record further reveals that Jack Boyajian failed to take timely and purposeful steps to verify that Far Hills's taxes were being paid.  He testified that he could not recall even reading the instruction sheets that came in the Paychex documents each quarter.  (8/14/06 Boyajian Tr. 54:12-13.  The fact that the only person with any control over financial decisions at Far Hills failed to take purposeful steps to ensure the withholding taxes were being paid establishes, with relentless logic, that there was a grave risk that the taxes were not being paid.

To cap this, Jack Boyajian admitted that Far Hills's corporate accounting records were not reconciled until late 1991 or early 1992.  (8/08/06 Boyajian Tr. 10-14.)  "They [Far Hills bank statements] were not reconciled for many many months that's correct.  I don't recall the exact, which ones were not reconciled, but they were not reconciled for several–many many months."  (8/08/06 Boyajian Tr. 11:12-15.)  Jack Boyajian also testified in his deposition that there were no bank statements or general ledger.  "Until 1992 there was no ledger or journal maintained for Far Hills.  It was just a series of bank accounts that were never reconciled until then."  (8/08/06 Boyajian Tr 11:12-15.)  The fact that Far Hills did not have reconciled accounting records, which would reflect what taxes had been paid, further establishes the grave risk that the taxes were not being paid.

The evidence shows that Jack Boyajian clearly ought to have known that there was such a risk.  The Paychex documents clearly showed that Paychex was not paying Far Hills's withholding taxes.  Far Hills also regularly had $10,000 to $50,000 more cash then it should have each quarter because it was not paying its withholding taxes.  Considering the significant number

-16-

of notices that were sent to Far Hills from the IRS, Jack Boyajian's testimony that they did not arrive is unlikely.  And if in fact Jack Boyajian failed to see the notices, that failure does not absolve him because, as discussed above, his position required he have this kind of knowledge about the status of tax compliance.  In addition, several federal tax liens were filed against Far Hills before Jack Boyajian claims to have discovered the unpaid taxes, making questionable his claims that he had no knowledge of the unpaid taxes until late in the assessment period.  The Court is satisfied from the evidence presented that Jack Boyajian clearly ought to have known that the taxes were not being paid.  Thus, the second prong of the reckless disregard analysis is met.

As to the third prong, Jack Boyajian was in a position to find out very easily if the taxes were or were not being paid.  At a bare minimum, if he had read the information Paychex regularly sent to him, he would have seen that Paychex was not paying the taxes.  Coupled with the tax liens and notices sent by the IRS, his testimony that he contracted with Paychex and did review at least a portion of the documents they sent establishes he could have easily verified whether this service was being performed.  Even if he were initially mistaken about what services he was getting from Paychex, he still was responsible for reasonable corporate oversight.

Jack Boyajian admits that he is a responsible person which means that he had discretion over which creditors of Far Hills would be paid. The evidence in this case shows that Jack Boyajian paid other creditors of Far Hills during the applicable tax period.  The United States submitted a year-to-date payroll report prepared by Paychex establishing that Far Hills's employees were paid during the tax period when withholding taxes were due.  (Gov. Ex. 120.) For the purposes of Section 6672, paying an employee is considered a payment to a creditor other

-17-

than the United States.  <u>See</u> <u>Greenberg</u>, 46 F.3d at 244.

Jack Boyajian's position that his failure to pay the withholding taxes was merely negligent and not willful is not proven by a preponderance of the credible evidence.  Instead, the Court finds from the evidence that Jack Boyajian demonstrated reckless disregard for whether Far Hills's withholding taxes were being paid –  he clearly ought to have known that there was a grave risk that the taxes were not being paid and that he was in a position to find out for certain very easily.  In addition, the Court easily finds that Jack Boyajian paid other creditors while the taxes were due.  These findings satisfy the requirement that the failure to pay was willful**.** "Willfulness also encompasses the payment of other creditors with reckless disregard for whether taxes have been paid." <u>Vespe</u>, 868 F.2d at 1335.  Because Jack Boyajian is an admitted responsible party, and the Court has found his failure to pay is willful under the law, the penalty assessment against him must stand.


**VI. Linda Boyajian's Liability Under Section 6672.**

Linda Boyajian denies that she was a responsible party, and also argues that even if she is found to be a responsible party she did not willfully fail to pay over the withholding taxes.

The United States elicited testimony from Far Hills employees Andrea Saper and Barbara Lynch that Linda Boyajian was either in charge of or part of the accounting department for Far Hills. That testimony is in direct conflict with Linda Boyajian's testimony about her duties at Far Hills.  The Court finds Linda Boyajian's testimony about her duties at Far Hills to be more likely and more credible.  Andrea Saper testified that she worked almost exclusively out of a different

office and only visited the main office of Far Hills once.  (8/14/06 Boyajian Tr. 43:5-18.)  Linda

Boyajian testified that her duties at Far Hills were largely administrative in nature and that she

helped transition new clients of Far Hills or process clients that were leaving Far Hills.  Given

the nature of Far Hills's services to its clients and the marketing efforts that Jack Boyajian was

making, which were initially successful and attracted a large number of new clients, the duties

she described appear to be appropriate and time-consuming.  Linda Boyajian was emphatic, and

believably so, that she did not have the discretion over the finances of Far Hills.  She did not

have discretion over what creditors should be paid or what order the creditors paid.  None of this

information was at odds with Jack Boyajian's testimony and his own acceptance of responsible

party status.

     The factors set out by the Third Circuit for determining  responsible person status are:

> (1) contents of the corporations by-laws, (2) ability to sign checks on the company's
> bank account, (3) signature on the employer's federal quarterly and other tax returns,
> (4) payment of other creditors in lieu of the United States, (5) identity of officers
> directors and principal stockholders in the firm, (6) identity of individuals in charge
> of hiring and discharging employees, (7) identity of individuals in charge of the
> firm's financial affairs.

Greenberg, 46 F.3d at 243.

     Only the fourth and sixth factors could apply to Linda Boyajian, and even these are not a

close fit.  Linda Boyajian testified that she did conduct employee interviews, but there is no

indication that she had the final authority to hire or fire anyone.  There is also evidence that she

may have had limited authority to authorize payments, but these were made to vendors who

serviced the communities that Far Hills managed, not to Far Hills's creditors.  (8/7/06 Boyajian

Tr. 41-42.)  As such she did not have discretion to prefer creditors of Far Hills over the United

States, a critical component of responsible party status in this fact scenario. This may be in conflict with Andrea Saper's testimony that Linda Boyajian had signatory authority for Far Hills, but the disparity does not cast significant doubt upon Linda Boyajian's statements that she did not have the ability to sign checks on the company's bank account. She did not sign the employer's federal quarterly tax returns. She was not in charge of the firm's financial affairs and she was not a director or principal stockholder of the firm. Jack Boyajian testified that he was the president and sole owner of Far Hills and that he made all of the financial decisions for the company. (See supra p. 10,15.)

Moreover, there was no evidence presented that Linda Boyajian ever intentionally or recklessly paid other creditors while the unpaid withholding taxes were due. In addition, the evidence does not indicate that she acted with reckless disregard to whether the taxes were being paid. The Court finds nothing in the record to show that Linda Boyajian clearly ought to have known of the risk that the withholding taxes owed by Far Hills were not being paid.

The Court concludes that Linda Boyajian has demonstrated that she is not a responsible party, and without going into detail, the Court sees no record evidence that her conduct meets the willfulness requirement even if she were. Therefore, the penalty assessment that was made against Linda Boyajian pursuant to Section 6672 was erroneous.

## VI. Conclusions

The Court finds that Jack Boyajian has not satisfied the burden of proving that the IRS assessment against him was erroneous. For that reason Jack Boyajian's refund claim is

dismissed and judgment is in favor of the United States on its counterclaim.  This Court also

finds that Linda Boyajian was not a responsible party under Section 6672.  For that reason the

third-party complaint brought against Linda Boyajian by the United States is dismissed with

prejudice.  An appropriate order will be entered.


Dated: October 16,  2006

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.